## John Linton *vs.* Daniel Hurley & another.

All the members of a partnership are liable for an injury occasioned by the negligence of one of them, or of servants employed by the partnership, while transacting business of the firm.

In an action for a personal injury, the surgeon who attended the plaintiff testified on cross-examination that he should judge the plaintiff to have been a man of intemperate habits, and that injuries such as he had received would be aggravated by intemperance. The plaintiff was then allowed to introduce the testimony of other surgeons as to the nature, severity and ordinary duration of an injury such as the plaintiff had received. *Held*, that the defendant had no ground of exception.

ACTION OF TORT against Daniel and John Hurley, for breaking the plaintiff's leg. At the trial in the superior court of Suffolk at May term 1858, before *Morton*, J., there was evidence of these facts:

The defendants were stevedores and copartners, and the injury complained of was occasioned by the negligence of one of them, or of servants employed by the firm, while occupied under the superintendence of that partner, in unloading a vessel which the firm had contracted to unload. The other defendant was not present when the accident happened, and therefore contended that he was not liable.

But the judge instructed the jury " that if they were satisfied that the defendants were copartners in business, and as such were jointly engaged in discharging the vessel, they were both liable in this action for the injury sustained by the plaintiff, through the negligence of one of them, or of their agents, engaged in copartnership business, though one of the defendants

was not present, and took no personal part in the act which caused the injury."

The plaintiff called the surgeon, who attended him and set his leg, who described particularly the injury and its results, and the plaintiff's present condition. Upon cross-examination, he testified without objection, that " he should judge that the plaintiff had been in the habit of drinking intoxicating liquors too freely, though he was not intoxicated on the day of the accident, and did not drink during his confinement; that the plaintiff was very sensitive to pain and suffered severely; and that a person who has been intemperate in his habits would naturally suffer more pain from such an injury, and would be more slow in his recovery." To negative the argument that the plaintiff suffered more severely on account of his intemperate habits, his counsel called two surgeons, and put to them various questions as to the nature, severity and ordinary duration of an injury similar to that of the plaintiff, and as to the predisposing causes in any person which might retard the healing of such a fracture. To these questions the defendants objected; but the judge permitted them to be put and answered.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*B. Dean,* for the defendants.

*I. W. Richardson,* for the plaintiff.

BIGELOW, J. 1. Upon the facts proved the plaintiff had a good cause of action against the firm. The injury was occasioned either by the negligence of servants employed by both defendants, or of one of them, while acting within the scope of the copartnership and transacting the business of the firm. Partners, like individuals, are responsible for the negligence of their servants while engaged in the business incident to their employment; and if one partner acts, he is considered as the servant of the rest of the firm. *Moreton* v. *Hardern,* 4 B. & C. 223, and 6 D. & R. 275. Collyer on Part. §§ 457 *& seq.* Story on Part. § 166.

2. If the defendants had a right to rely on the fact that the bad habits of the plaintiff aggravated the consequences of the

injury which he had sustained, in order to reduce the amount of damages, then the evidence of surgeons as to the effect of predisposing causes on similar injuries was clearly competent. If, on the other hand, a tortfeasor cannot avail himself of proof of the health or condition of the plaintiff at the time of the injury, for the purpose of diminishing the damages, then the evidence introduced by the plaintiff was irrelevant. And in either view its introduction worked no harm to the defendants.

*Exceptions overruled.*